**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1348
_____

NICOLA ARGENTINA,
                    Appellant

v.

BARBARA GILLETTE, DIRECTOR OF OLDER ADULT SERVICES;
CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-02908)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 20, 2019

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: June 20, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Nicola Argentina was a member of the South Philadelphia Older Adults Center ("SPOAC") until May 2015, when he received a letter stating that he was being expelled from SPOAC immediately because of "continued non-compliance with Center Policies and Procedures." ECF 10 at 3. Argentina subsequently filed suit against Barbara Gillette—the director of the City of Philadelphia's ("the City's") Older Adult Services— and the City (collectively "Defendants").[1]

Argentina alleged in his amended complaint that Defendants "subjected him to verbal and psychological abuse, bullying, and they made allegations [of] misconduct, all of which was motivated by their racial animus against him, a Caucasian man," as well as by their "desire to retaliate against [him] for his attempts to expose Defendants' racism." ECF 10 at 3. The amended complaint raised civil rights claims under 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 2000a, and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.[2]

_____

[1] Argentina filed suit in the Court of Common Pleas for Philadelphia County. Defendants timely removed the action to federal court, under 28 U.S.C. §§ 1441(a) & 1446(a)-(b).

[2] Section 1981(a) requires a party pleading a claim thereunder to allege: "(1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute . . . ." Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted). Section 1982 "prohibits racial discrimination in transactions relating to real and personal property" and, "[i]n order to bring an action [thereunder], a plaintiff 'must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race.'" Id. (citation omitted). Section 1983 requires a claimant to "prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the

2

Defendants filed a motion to dismiss the amended complaint, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. The District Court granted that motion in large part.[3]

The District Court dismissed Argentina's § 1981 and § 2000a claims because he failed to set forth "any allegations giving rise to an inference of an intent to discriminate on the basis of race." ECF 17 at 4; see also ECF 17 at 5. It dismissed Argentina's § 1983 claim because (to the extent it was predicated on an Equal Protection Clause violation) he did not "sufficiently disclose that the Defendants acted with a racially discriminatory intent or purpose" and because (to the extent it was predicated on First Amendment retaliation) no allegations suggested either "a retaliatory motive for the non-renewal of his membership" or knowledge by Defendants of Argentina's letters to "political decision-makers." ECF 17 at 7. The District Court dismissed the state law claims

conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution" or federal law. Schneyder v. Smith, 653 F.3d 313, 318-19 (3d Cir. 2011). Section 2000a prohibits racial and other kinds of discrimination at places of public accommodation, 42 U.S.C. § 2000a(a), and it provides a private right of action to those aggrieved by non-compliance, see Mielo v. Steak 'n' Shake Operations, Inc., 897 F.3d 467, 476 n.5 (3d Cir. 2018). The Pennsylvania Human Relations Act declares as an enforceable civil right the opportunity for an individual to, inter alia, "obtain all the accommodations . . . and privileges of any public accommodation" free of discrimination on account of race and other personal characteristics. 43 P.S. § 953.

[3] The District Court's opinion includes a discussion of allegations from Argentina's original complaint. The original complaint, however, was not the subject of Defendants' motion to dismiss. Cf. W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 173 (3d Cir. 2013) (explaining that, "at the motion to dismiss stage . . . the district court typically may not look outside the four corners of the amended complaint"). While we appreciate the District Court's apparent intent to analyze Argentina's best case for withstanding dismissal, in light of his pro se status, liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings. That said, the District Court's overly generous assessment of the amended complaint did not prejudice Argentina in any way and does not change the result in this case.

3

because Argentina failed to oppose Defendants' argument that those claims were not administratively exhausted and were thus defective. See ECF 17 at 10. The District Court permitted Argentina's § 1982 claim alone to proceed to the discovery phase.

At the close of discovery, Defendants filed a motion for summary judgment. The District Court granted the motion. With respect to Argentina's § 1982 claim against Gillette, the District Court reasoned as follows: "Plaintiff's principal argument . . . appears to be that the Court should infer racial animus because Defendant Gillette displeased Plaintiff and because Defendant Gillette and Plaintiff are not of the same race. The Court declines to do so." ECF 37 at 2. And with respect to Argentina's § 1982 claim against the City, the District Court determined that he had failed to oppose Defendants' argument about the absence of any evidence that could support liability under Monell v. New York Department of Social Services, 463 U.S. 658 (1978). Judgment was thus entered against Argentina and in favor of Defendants. Argentina then appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review of both orders granting motions to dismiss under Rule 12(b)(6) and orders granting motions for summary judgment. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998) (summary judgment); Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993) (motion to dismiss). Insofar as the District Court dismissed claims under Rule 12(b)(6), we have accepted as true all well-pleaded factual allegations. Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). And insofar as the District Court granted summary judgment, we have reviewed the relevant evidence of record in the light most favorable to Argentina. Miller v. Am. Airlines, Inc., 632 F.3d 837, 844 (3d Cir. 2011).

4

Argentina first argues on appeal that the District Court erred in largely granting Defendants' Rule 12(b)(6) motion, but to support his argument he offers only an extended recital of the federal pleading standard and his belief that the District Court imposed a "higher and impermissible burden" on him. Appellant's Br. at 28. Argentina identifies no claim-specific flaws in the District Court's analysis. Regardless, we discern no error by the District Court in its adjudication of Defendants' Rule 12(b)(6) motion, for substantially the reasons given in its opinion.

Argentina next argues that there was evidence of Gillette's racial animus against him sufficient to overcome summary judgment on the § 1982 claim. See Appellant's Br. at 30-31. But he does not identify what that evidence might be, and we have found no such evidence in the record. Indeed, Argentina's deposition testimony indicates that his issues at SPOAC did not at all stem from racial discrimination on the part of Gillette:

> Defense counsel: In regards to Ms. Gillette, what has she done to you to show any sort of discrimination based upon your race?
> Argentina: I wouldn't say it's based upon my race. It was based on my intelligence.
>
> \* \* \*
>
> Defense counsel: Has [Ms. Gillette] ever said anything about your race?
> Argentina: Nope.
>
> \* \* \*
>
> Defense counsel: So, your real point of bringing this lawsuit is you wanted the voices of the senior citizens to be heard?
> Argentina: Correct.

ECF 32-1 at 70, 72, 75. It was thus appropriate for the District Court to grant summary judgment to Gillette on Argentina's § 1982 claim.

Argentina's remaining arguments lack merit entirely and warrant no further explanation. Accordingly, for the reasons given in this opinion, we will affirm.